

# Fourth Court of Appeals
## San Antonio, Texas

August 25, 2015

No. 04-15-00510-CR

Ronnie Ray **BROOKS,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2005CR7426
The Honorable Sharon S Macrae, Judge Presiding

## O R D E R

In 2005, in trial court number 2005-CR-7426, appellant entered into a plea bargain with the State, pursuant to which he pleaded guilty or nolo contendere to the offense of sexual assault. *Brooks v. State*, No. 04-05-00778-CR, 2006 WL 47282, at *1 (Tex. App.—San Antonio Jan. 11, 2006, no pet.). The trial court sentenced appellant to eight years' confinement and imposed a $1,200.00 fine in accordance with the plea agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2); *Brooks*, 2006 WL 47282, at *1. Appellant timely filed a notice of appeal, and thereafter, the trial court clerk filed the clerk's record, which included the trial court's rule 25.2(a)(2) certification and the written plea bargain agreement. *See* TEX. R. APP. P. 25.2(d); *Brooks*, 2006 WL 47282, at *1. Because this court is required to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record," we rendered an order advising appellant that his appeal would be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Brooks*, 2006 WL 47282, at *1. No amended certificate was filed. Accordingly, we dismissed the appeal. *See* TEX. R. APP. P. 25.2(d), 37.1; *Brooks*, 2006 WL 47282, at *1. Our mandate issued on March 27, 2006.

Despite the foregoing, in 2012 and 2014, in the same trial court number, appellant filed a number of pro se motions, none of which it appears where ever ruled upon by the trial court. Then, in April 2015 and August 2015, again in the same trial court number, appellant filed two pro se notices of appeal. However, appellant failed to state in either notice what order or judgment is was attempting to appeal. Nevertheless, based on an affidavit of indigency, the trial court appointed attorney Michael Raign to represent appellant with regard to these "appeals."

As noted above, our mandate in trial court number 2005-CR-7426 (appellate number 04-05-00778-CR) issued on March 27, 2006. Accordingly, it appears this court lacks jurisdiction over this attempted second appeal from the same judgment — there are no other orders or judgments in the record from which appellant can appeal. We therefore **ORDER** appellant to file a written response in this court on or before **September 24, 2015** showing cause why we should not dismiss this appeal for want of jurisdiction. If appellant does not file a timely response establishing that we have jurisdiction, we will dismiss the appeal.

We **order** the clerk of this court to serve a copy of this order on all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of August, 2015.

_____
Keith E. Hottle
Clerk of Court